UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
MARTIN LAMER, JOHN YASSO, KIM
TASKILA and RONALD GARDNER, for
themselves and others similarly-situated,

   Plaintiffs,

v.

TRW AUTOMOTIVE U.S. LLC,

   Defendant.
_____/

Case No. _____

Class Action

U.S. District Judge _____

**COMPLAINT AND JURY DEMAND**

   Plaintiff International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), and individual plaintiffs Martin Lamer, John Yasso, Kim Taskila and Ronald Gardner for themselves and other similarly-situated retirees, dependents, and surviving spouses, file this complaint against defendant TRW Automotive U.S. LLC (TRW) to enforce rights to lifetime retirement healthcare benefits and coverage, including prescription drug, dental, vision and hearing benefits, under collective bargaining agreements (CBAs) and employee welfare plans.

   1. Plaintiffs seek to protect and enforce rights to collectively bargained lifetime (at the level in place at the time of retirement) retirement healthcare benefits and coverage, including prescription drug, dental, vision and hearing benefits, negotiated by the UAW for the individual plaintiffs and those similarly situated and for their dependents and surviving spouses at TRW's Sterling Heights facility.

2. In a September 14, 2011 letter to the individual plaintiffs, other retirees, and surviving spouses, TRW stated effective January 1, 2012 it will discontinue providing healthcare for Medicare-eligible retirees and surviving spouses through the fully-paid "TRW Retiree Plan" and instead will create individual Health Reimbursement Accounts (HRAs) funded at TRW's discretion. TRW's letter asserts that it has "the right to amend or terminate the HRA." The letter (and the booklet enclosed with it and described below) is attached as Exhibit 1.

3. TRW's transferring of retirees into HRAs will constitute a material reduction in retirement healthcare benefit levels by, among other things, imposing co-pays and deductibles on the retirees and surviving spouses, and a cap on the total benefit TRW will pay.

4. A "2012 New Coverage New Choices" booklet enclosed with TRW's September 14 letter contains complicated instructions and imposes time-consuming and difficult tasks on the retirees and surviving spouses necessary for each to create an HRA.

5. TRW's booklet asserts:

> You are neither vested in your retiree healthcare benefits nor does TRW Automotive intend to vest you in retiree healthcare benefits. To the fullest extent permitted by law, TRW Automotive reserves the right to amend, modify, suspend, replace or terminate any of its plans, policies or programs (including the HRA), in whole or in part, at any time and for any reason, by appropriate company action. For example, TRW Automotive may, at any time, increase, decrease or eliminate the amount that is allocated to your HRA account each year. (Ex. 1 at p. 9).

6. Attached to a September 30, 2011 letter (attached as Exhibit 2) to the individual plaintiffs, other retirees and surviving spouses, TRW provided "Q&As" that included in relevant part the following answer:

> Our objective is to continue to cover you under the HRA and make additional contributions at our sole discretion (or as required by law) into the future. We anticipate that our retirees will have enough funds in their HRAs to purchase an individual health insurance policy for a given year. Please note, however, that TRW is not, under this or any other communication regarding TRW retiree health benefits, contractually promising to provide contributions to an HRA for your life and TRW reserves the right to make changes in the future. (Ex. 2, at answer 9).

7. TRW's actions and planned actions, as outlined in the letters and booklet, constitute a material change to retirement healthcare, breach the collectively-bargained retirement benefits promises and the welfare benefits plan, and breach TRW's fiduciary duties.

### Jurisdiction and Venue

8. This Court has jurisdiction under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; under 29 U.S.C. §§1331 and 1337; and under Sections 502(a)(1)(B), (a)(3), (e), and (f) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132(a)(1)(B), (a)(3), (e), and (f).

9. Venue is proper in this district under LMRA Section 301(a), 29 U.S.C. §185(a), and under ERISA Sections 502(e)(2) and (f), 29 U.S.C. §§1132(e)(2) and (f).

### Parties

10. Plaintiff and class representative Martin Lamer resides in Dryden, Michigan. He began to work for TRW at its Sterling Heights facility in 1976, retired in 2006, and while employed was a member of the UAW-represented bargaining unit. He is not yet Medicare-eligible.

11. Plaintiff and class representative John Yasso resides in Melvin, Michigan. He began to work for TRW at its Sterling Heights facility in 1969, retired in 2000, and while employed was a member of the UAW-represented bargaining unit. He currently receives Medicare benefits.

12. Plaintiff and class representative Kim Taskila resides in Brown City, Michigan. He began to work for TRW at its Sterling Heights facility in 1972, retired in 2002, and while employed was a member of the UAW-represented bargaining unit. He is not yet Medicare-eligible.

13. Plaintiff and class representative Ronald Gardner resides in Chesterfield, Michigan. He began to work for TRW at its Sterling Heights facility in 1960, retired in 1997, and while employed was a member of the UAW-represented bargaining unit. He currently receives Medicare benefits.

14. Plaintiff UAW is a labor organization representing workers in industries affecting commerce within the meaning of 29 U.S.C. §§142, 152, and 185. The UAW's headquarters are at 8000 East Jefferson Avenue, Detroit, Michigan.

15. Defendant TRW is an employer engaged in commerce within the meaning of 29 U.S.C. §§142, 152, and 185. Its headquarters are at 12001 Tech Center Drive, Livonia, Michigan.

**Summary of Facts**

16. The UAW and its then Local 247 were the collective bargaining representatives of the individual plaintiffs and others in a production and maintenance collective bargaining unit at TRW's Sterling Heights plant from at least 1948 (with TRW's predecessor Thompson Products, Inc.) until the plant closed in 2006.

17. Since at least 1948, the UAW and its then Local 247 negotiated a series of CBAs with TRW and its predecessors (including Thompson Products, Inc. and Thompson Ramo Woolridge, Inc.) governing the terms and conditions of unit members' employment; these CBAs have since at least 1961 for retirees and dependants and since at least 1971 for surviving spouses included promises of employer-paid lifetime retirement healthcare.

18. In latter 2005 the UAW and its then Local 247 negotiated the last of these CBAs with TRW. TRW on August 17, 2005 had announced its plans to close the Sterling Heights plant. In this last CBA the parties agreed to extend the then current CBA (dated August 6, 2002)

4

until a plant closing agreement was reached. The parties never reached a plant closing agreement. The 2005 CBA thus remains in effect.

### Class Action

19.     Individual plaintiffs Martin Lamer, John Yasso, Kim Taskila and Ronald Gardner bring this action for themselves and on behalf of other similarly situated retirees, and the retirees' dependents and surviving spouses under Federal Rules of Civil Procedure 23(a) and (b)(1) and (b)(2).

20.     The proposed class consists of all persons who retired from TRW at its Sterling Heights plant, including the retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the CBAs, excluding any retirees, dependents, and surviving spouses who have legally released their rights to such claims.

21.     The proposed class consists of more than 400 members, on information and belief, and is so numerous that joinder is impracticable.

22.     There are questions of law and fact common to the class, including legal and factual questions regarding TRW's actions regarding promised retirement healthcare as outlined in TRW's September 14, 2011 letter and booklet and in its September 30, 2011 letter and "Q&As."

23.     The individual plaintiffs' claims are typical of the claims of the proposed class as these claims arise under CBAs covering former UAW-represented employees who worked at and retired from TRW's Sterling Heights facility, and under welfare benefit plans covering the retirees, their eligible dependents and surviving spouses, and relate to conduct on the part of TRW that will adversely affect class members' retirement healthcare in the future.

24. The individual plaintiffs will fairly and adequately represent the interests of the proposed class because they have the same or similar claims and interests arising out of the same or similar operative facts and the same law and contract obligations and benefit plans, and because they have secured the representation of attorneys who are knowledgeable and experienced in labor law, ERISA, and litigation of this kind, and because they have joined with and secured the support of UAW in their efforts to enforce their rights and the rights of other class members to retirement healthcare.

25. The actions addressed in this lawsuit apply generally to the proposed class, so that final injunctive relief and corresponding declaratory relief and other relief sought is appropriate respecting the proposed class as a whole and so that a class action is appropriate to avoid the risks of inconsistent or varying adjudications of individual claims and individual adjudications that as a practical matter would be dispositive of the interests of those within the proposed class.

## COUNT I – BREACH OF CBA

26. Paragraphs 1-25 are incorporated.

27. TRW is obligated under CBAs, including those under which the retirees retired and the one that by its express terms remains in effect, to provide the individual plaintiffs, their eligible dependents and surviving spouses, and others similarly-situated, with lifetime retirement healthcare fully-paid by the employer.

28. TRW's planned actions will change the TRW Retiree Plan, discontinue class members' participation in that plan, preclude future participation in that plan by class members, and transfer the class members into an individual HRA and will breach TRW's CBA obligations.

29. TRW's assertion of the unilateral right to alter and terminate retirement healthcare, including the right to alter and terminate unilaterally implemented individual Health Reimbursement Accounts, breach TRW's CBA obligations.

30. TRW's conduct and actions and planned action constitute a breach of the CBAs.

31. TRW's CBA breach causes plaintiffs and proposed class members injury and damage.

## COUNT II – VIOLATION OF ERISA BENEFIT PLAN

32. Paragraphs 1-31 are incorporated.

33. The collectively-bargained lifetime retirement healthcare promised and provided to retirees of TRW and to the retirees' eligible dependents and surviving spouses, including the individual plaintiffs and others similarly-situated, and their eligible dependents and surviving spouses, constitutes one or more "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §1002(1).

34. TRW is the plan "sponsor" and "administrator" of the "TRW Retiree Plan," an "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

35. The individual plaintiffs and persons similarly-situated, and their eligible dependents and surviving spouses, are "participants" in, or "beneficiaries" of, these "employee welfare benefit plan" or plans within the meaning of ERISA, 29 U.S.C. §§1002(7) and (8).

36. The collectively-bargained "employee welfare benefit" plan or plans sponsored and administered by TRW promise and provide lifetime healthcare for retirees, including the individual plaintiffs, their eligible dependents and surviving spouses, and others similarly-situated.

7

37. TRW's actions constitute wrongful and actionable acts under 29 U.S.C. §§1132(a)(1)(B) and (a)(3) which entitle a participant or beneficiary to bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" and "to enjoin any act or practice which violates…the terms of the plan or…to obtain other appropriate equitable relief…to redress such violations or…to enforce…the terms of the plan."

38. The imposition of the individual HRA and other changes in the TRW Retiree Plan, and TRW's assertion of unilateral authority to make changes in, or terminate, the TRW Retiree Plan and other retirement healthcare plan or plans constitute wrongful acts and breach obligations under ERISA and the governing plan or plans and cause injury and damage to the individual plaintiffs and proposed class members.

**COUNT III – BREACH OF FIDUCIARY DUTY**

39. Paragraphs 1-38 are incorporated.

40. TRW is the administrator of the "employee welfare benefit" plan or plans within the meaning of ERISA, 29 U.S.C. §§1002(16)(A) and (B).

41. As plan administrator, TRW acts as a fiduciary.

42. TRW has a fiduciary duty to not materially mislead healthcare plan participants and beneficiaries including retirees and surviving spouses.

43. TRW has a duty to fully disclose the risks and adverse effects that plan participants and beneficiaries will experience if placed into an HRA.

44. TRW's September 14, 2011 letter and booklet and its September 30, 2011 letter and attachment do not fully disclose the risk, and are misleading, deceptive, and otherwise breach TRW's fiduciary duties.

45.     TRW's changes to the "TRW Retiree Plan" and misleading and incomplete representations about the TRW Retiree Plan and the HRAs planned to replace coverage under that plan breach TRW's fiduciary duties.

46.     TRW's September 30, 2011 letter and booklet breach its fiduciary duties because they falsely suggest that TRW is making changes to benefit retirees and surviving spouses, based on what TRW "heard from many TRW retirees requesting more flexibility" and because the "individual Medicare market has expanded tremendously" and because "TRW wants to help its retirees take advantage of this great opportunity" and is therefore "pleased to announce a change in our retiree health care program effective January 1, 2012." (Ex. 1).

## **Relief Requested**

Plaintiffs ask that the Court:

1. Certify this action as a class action, appoint individual plaintiffs Martin Lamer, John Yasso, Kim Taskila and Ronald Gardner as class representatives, and appoint individual plaintiffs' counsel as class counsel;

2. Declare and determine that TRW's imposition of changes set forth in its September 14 and 30, 2011 letters and attachments breaches the CBAs and the TRW Retiree Plan and related welfare benefit plan or plans and breaches their fiduciary duties;

3. Issue an injunction directing TRW to rescind its September 14 and 30, 2011 letters and attachments and to satisfy its contractual and statutory duties and responsibilities under the CBAs and the related welfare benefit plan or plans and to maintain promised retirement healthcare for class members;

4. Direct TRW to refrain from and cease implementation of the changes set forth in the September 14 and 30 letters and attachments, or if implemented, to restore the prior plan and remedy those violations by paying damages and otherwise reimbursing and making individual plaintiffs and class members whole;

5. Award damages to individual plaintiffs and class members and direct TRW to reimburse and otherwise make class members whole for any and all losses incurred as a result of TRW's wrongful conduct;

6. Permit any class member who receives any "contribution" from TRW (per its September 14, 2011 letter) to keep such funds as compensatory damages and/or punitive damages caused by TRW's actions;

7. Direct TRW to pay interest on damages and "make whole" reimbursements, to pay costs, expenses, and attorney fees, and to pay such other compensatory, punitive, and exemplary damages as may be warranted; and

8. Award such other relief as may be warranted by law and equity.

s/William Wertheimer
Law Office of William Wertheimer (P26275)
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

Attorneys for Class Representatives and UAW

Maneesh Sharma (P71492)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

## JURY DEMAND

Plaintiffs request a jury trial of all issues triable by jury.

s/William Wertheimer
Law Office of William Wertheimer (P26275)
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

Attorneys for Class Representatives and UAW

Maneesh Sharma (P71492)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW
