UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), *et al.*,

            Plaintiffs,

v.                                                                           Case No. 11-cv-14630
                                                                             Honorable Denise Page Hood

TRW AUTOMOTIVE U.S., LLC,

            Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
ORDER MOOTING DEFENDANT'S RULE 56(D) MOTION; ORDER DENYING
WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JDUGMENT
AND PERMANENT INJUNCTIVE RELIEF AND DISMISSING CASE WITHOUT
PREJUDICE**

**I.      INTRODUCTION**

      This matter involves a dispute regarding retiree benefits that arise under a collective

bargaining agreement. Now pending before the Court is Defendant TRW's Motion to Compel

Arbitration, filed January 25, 2012, and Rule 56(d) Motion, filed February 21, 2012. Also before

the Court is Plaintiffs' Motion for Summary Judgment and Permanent Injunctive Relief, filed

January 30, 2012. All matters have been fully briefed and are now appropriate for resolution. For

the reasons stated below, the Court GRANTS Defendant's Motion to Compel Arbitration. This case

is DISMISSED WITHOUT PREJUDICE.

**II.     STATEMENT OF FACTS**

On October 21, 2011, Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), Martin Lamer, John Yasso, Kim Taskila, and Ronald Gardner filed the present action on behalf of the individual plaintiffs and those similarly-situated against Defendant TRW Automotive U.S. LLC ("TRW") "to enforce rights to lifetime retirement healthcare benefits and coverage, including prescription drug, dental, vision, and hearing benefits, under collective bargaining agreements ("CBAs") and employee welfare plans." (Dkt. 1). The proposed class consists of "all persons who retired from TRW at its Sterling Heights plant, including the retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the CBAs, excluding any retirees, dependents, and surviving spouses who have legally released their rights to such claims." (*Id.*)

In 2005, UAW and TRW negotiated the last of a series of CBAs. On August 17, 2005, TRW announced that it planned to close the Sterling Heights facility. The parties agreed to extend the final CBA, dated August 6, 2002, until an agreement was negotiated regarding the closing of the Sterling Heights facility; an agreement was not reached. On September 14, 2011, TRW stated by letter that, effective January 1, 2012, it would discontinue providing Medicare-eligible retirees and surviving spouses' healthcare.  Instead TRW would provide Health Reimbursement Accounts funded at TRW's discretion.

The relevant CBA provides the following grievance procedure:

**4.1 Exclusive Remedy.** The Union and the employees agree that the grievance and arbitration procedures provided herein are adequate to provide a fair and final determination of all grievances which may arise out of the employment relationship during the term of this Agreement and that such procedures shall be the exclusive remedy for the enforcement by them of any claim against the Company. Nothing contained herein, however, shall preclude an employee covered by this Agreement from filing a charge of illegal discrimination with the Equal Employment

2

Opportunity Commission.

> **4.1.1 Grievance Denied.** A grievance is any complaint, dispute or controversy in which an employee or the Union claims that the Company has failed to carry out a provision of the Agreement and which involves a question concerning the interpretation or application of or compliance with this Agreement, including any question relating to rates of pay, hours of work and other conditions of employment of any employee.

TRW now seeks to enforce the grievance procedures of the CBA and compel arbitration of the parties' dispute.

## III.   ANALYSIS

### A.   Presumption of Arbitrability Applies to the Retirees' Dispute

The Court proceeds under the presumption that national labor policy favors arbitration. *United Steel Workers of America v. Cooper Tire*, 474 F.3d 271, 277 (6th Cir. 2007). The Court is guided by the following principles: 1) A party cannot be compelled to arbitrate a dispute that it has not contracted to arbitrate; 2) whether a CBA requires the parties to submit a particular dispute to arbitrate is a question for the court absent clear and unmistakable proof to the contrary; 3) the court cannot consider the merits of the underlying claim; 4) when there is an arbitration clause, absent a positive assurance that the arbitration clause could not be interpreted in such a way to cover the dispute, the court must apply a presumption of arbitrability, resolve any doubts in favor of arbitration, and should not deny an order to arbitrate. *International Union v. Cummins, Inc.*, 434 F.3d 478, 485 (6th Cir. 2006) (quoting *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986)).

"The presumption favoring arbitration is based on a policy recognizing arbitration as a 'substitute for industrial strife,' and on the belief that arbitrators, more so than the courts, possess

3

the proper experience and expertise to resolve labor disputes." *General Drivers, Local Union No. 984 v. Malone & Hyde*, 23 F.3d 1039, 1043 (6th Cir. 1994) (internal citations omitted) (quoting *United Steel Workers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). "[I]n cases involving broad arbitration clauses, the [Supreme] Court has found the presumption of arbitrability 'particularly applicable,' and only an express provision excluding a particular grievance from arbitration or 'the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" *United Steel Workers of America v. Mead Corp.*, 21 F.3d 128, 131 (6th Cir. 1994) (quoting *AT&T Technologies*, 475 U.S. at 648–51).

Plaintiffs argue that the presumption of arbitrability does not apply to their dispute because they are no longer employees under the CBA and are not specifically named in the CBA.[1] The Court disagrees.

The provision at issue provides that "all grievances which may arise out of the employment relationship during the term of this Agreement" will be "the exclusive remedy for the enforcement by [the Union and the employees] of any claim against the Company." Grievances encompass any dispute where the Union or an employee "claims that the Company failed to carry out a provision of the Agreement and which involves a question concerning the interpretation or application of or compliance with this Agreement . . . ." The provision here is broad. The retirees are seeking to enforce benefits that arose from the CBA and necessarily require interpretation of the CBA. "[T]he presumption of arbitrability applies to disputes over retirees' benefits if the parties contracted for such benefits in their collective bargaining agreement and if there is nothing in the agreement that specifically excludes the claim from arbitration." *Cleveland Elec. Illuminating Co. v. Util. Workers*

---

[1] Plaintiffs note that if they are required to arbitrate, UAW will withdraw as a party to allow the individual Plaintiffs to litigate as a class.

4

*Union, Local 270*, 440 F.3d 809, 816 (6th Cir. 2006). Plaintiffs have failed to point to any language in the CBA that would constitute "forceful evidence of a purpose to exclude [their] clam from arbitration . . . ." *Id.*

"[N]early every court to consider this issue has relied on the presumption in favor of arbitrability in finding that disputes regarding retiree benefits are generally subject to arbitration so long as the collective bargaining agreements in question include terms regarding retiree health benefits." *Van Pamel v. TRW*, No. 12-10453, 2012 U.S. Dist. LEXIS 107497, 6 (E.D. Mich. Aug. 1, 2012) (Steeh, J.) (quoting *Kop-Flex Emerson Power Transmission Corp. v. Int'l Ass'n of Mechanists & Aerospace Workers*, No. 11-0120, 2012 U.S. Dist. LEXIS 1520, at *16–17 (D. Md. Jan. 6, 2012)); *see also Int'l Union v. Kelsey-Hayes Co.,* No. 11-14434, 2012 U.S. Dist. LEXIS 82099, *4–5 (E.D. Mich. June 13, 2012) (Cook, J.). Furthermore, Plaintiffs cannot attempt to enforce one right under the CBA while explicitly rejecting another. *Audia v. Newcor*, No. 10-10209, 2010 U.S. Dist. LEXIS 74604, *21 (E.D. Mich. July 23, 2010) (Rosen, J.) ("Plaintiffs have not explained why they should be permitted to pursue these contractual benefits, while at the same time eschewing an obligation . . . to arbitrate any disputes over the interpretation or application of the terms of the MOA."). The Court finds that the presumption of arbitrability applies.

### B.    Retirees' Must Submit their Dispute to Arbitration

Plaintiffs cite *Cooper Tire* and *Cleveland Electric Illuminating v. Utility Workers*, 440 F.3d 809, 814 (6th Cir. 2006), for the proposition that the Court may not force the retirees to arbitrate their dispute unless the retirees consented to arbitration. Plaintiffs' reliance on *Cooper Tire* and *Cleveland Electric* is unavailing. Neither *Cooper Tire* nor *Cleveland Electric* address the question before the Court: whether the retirees' must arbitrate their dispute under the CBA. "Rather, both

of those cases merely held that the retirees were not required to have their union litigate their disputes for them nor could the union force its representation upon the retirees." *Burcicki v. Newcor, Inc.*, No. 02-70230, 2010 U.S. Dist. LEXIS 27353, *38 (E.D. Mich. Mar. 23, 2010) (Rosen,J.).[2]

As previously stated, the arbitration provision at issue here is broad and asserts that arbitration is the exclusive remedy for any dispute that requires interpretation or application of the CBA.  Plaintiffs attempt to enforce their right to benefits that arose pursuant to the CBA.  Whether they are entitled to these benefits or not necessarily requires interpretation and application of the CBA.   Plaintiffs cannot circumvent the arbitration provision.  The CBA explicitly requires that disputes such as Plaintiffs' must be arbitrated.  The Court finds that Plaintiffs must submit their dispute to arbitration.

Plaintiffs contend that they are entitled to litigate their ERISA claims. This district has considered and rejected this same argument as unpersuasive in *Burcicki*, 2010 U.S. Dist. LEXIS 27353.  There the court reasoned that plaintiffs were basing their claims entirely on the CBA and not on an ERISA governed plan.  *Id.* at *44. Although Plaintiffs here plead their dispute as an ERISA claim, the same reasoning would apply. Count I is a breach of contract claim, alleging breach of the CBA; Count II is a violation of the ERISA benefit plan alleging that the TRW administered plan provides lifetime health care benefits (among other things); Count III is a breach of fiduciary

---

[2] Plaintiffs argue that Defendant relies on bad law. Defendant primarily relies on three recent decisions from the Eastern District of Michigan. *See Audia*, 2010 U.S. Dist. LEXIS 74604; *Burcicki*, 2010 U.S. Dist. LEXIS 27353; *International Union v. Kelsey-Hayes Co.*, Case No. 11-14434, 2012 U.S. Dist. LEXIS 20867 (E.D. Mich. Jan. 5, 2012). Plaintiffs note that the decisions in *Audia* and *Burcicka* were vacated by the Sixth Circuit.  The court in *Kelsey-Hayes* granted a motion for reconsideration.  As to *Audia* and *Burcicki*, the district court decisions were vacated as moot by the Sixth Circuit after the parties reached a settlement agreement. The Sixth Circuit did not write an opinion on the merits on either of these decisions.  The *Kelsey-Hayes* court granted in part and denied in part the motion for reconsideration but maintained that the presumption of arbitrability applied and that the parties' dispute was subject to the arbitration provision. All three decisions are still good law.

duty claim under ERISA.  Plaintiffs are essentially seeking rights that arise out of the CBA and not an independent ERISA plan.  To the extent that Plaintiffs' dispute requires interpretation of the CBA, the claims are arbitrable.  If the Plaintiffs' ERISA claims did not require interpretation of the CBA, the Court would be inclined to stay litigation on those claims until the arbitrable claims are resolved. *See Spartech CMD, LLC v. Int'l Auto. Components Group N. Am., Inc.,* No. 08-13234, 2009 U.S. Dist. LEXIS 13662, *35 (E.D. Mich. Feb. 23, 2009) (Roberts, J.) (noting that a court should "avoid[] concurrent proceedings in cases where a decision in one forum could affect the resolution of claims in the other."). That does not appear to be the issue in this case.

### C.    Remaining Motions

Given that that Court finds that the parties' dispute is subject to arbitration, the Court denies without prejudice Plaintiff's Motion for Summary Judgment.  The Court finds that Defendant's Rule 56(d) Motion is moot.

## IV.    CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Compel Arbitration [Docket No. 8, filed January 25, 2012] is **GRANTED**. The parties are ordered to submit their dispute to arbitration pursuant to the grievance procedure contained in the collective bargaining agreement.  Any party may file a motion to reopen the case after the arbitration has concluded.

**IT IS FURTHER ORDERED** that Defendant's Rule 56(d) Motion [**Docket No. 13, filed February 21, 2012**] is deemed **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment and Permanent Injunctive Relief [**Docket No. 9, filed January 30, 2012**] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

8