UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE,
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW); and
MARTIN LAMER, JOHN YASSO, KIM
TASKILA and RONALD GARDNER, for
themselves and others similarly-situated,

      Plaintiffs,

v.

TRW AUTOMOTIVE U.S. LLC,

      Defendant.
_____/

Case No. 11-cv-14630

U.S. District Judge Denise Page Hood

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

**BRIEF**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| William Wertheimer (P26275)<br>Law Office of William Wertheimer<br>30515 Timberbrook Lane<br>Bingham Farms, MI 48025<br>248-644-9200<br>billwertheimer@gmail.com<br><br>Attorneys for Class Representatives and UAW | Michael Saggau (P35326)<br>Associate General Counsel<br>International Union, UAW<br>8000 E. Jefferson Avenue<br>Detroit, MI  48214<br>(313) 926-5216<br>msaggau@uaw.net<br><br>Attorney for UAW |

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Plaintiffs filed suit, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq*. and Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. §185, challenging TRW's unilateral reduction of collectively bargained retirement healthcare benefits. The four retiree Plaintiffs sued for themselves and a proposed class of about 400 similarly-situated retirees and the retirees' family members and surviving spouses.

This Court granted TRW's motion to compel arbitration with the proviso that: "Any party may file a motion to reopen the case after the arbitration is concluded." Docket No. 26, page 7. Plaintiffs appealed this Court's decision but also complied with it and won the arbitration. The arbitrator's decision is attached to TRW's complaint to vacate the arbitration award that is before this Court as Case No. 13-12160. Plaintiffs then moved to voluntarily dismiss their appeal. On 20 September 2013, the Court of Appeals granted this motion and "remanded to the district court for further proceedings." Sixth Circuit Case No. 12-2272.

Plaintiffs here move for ERISA attorney's fees and costs, pursuant to Fed. R. Civ. P. 54(d) and 29 U.S.C. §1132(g). Plaintiffs requested defendant's concurrence in the relief sought, but defendant has not concurred, necessitating this motion.

                                                 s/William Wertheimer
William Wertheimer (P26275)
Law Office of William Wertheimer
30515 Timberbrook Lane
Bingham Farms, MI 48025
(248) 644-9200
billwertheimer@gmail.com

Attorneys for Class Representatives and UAW

Michael Saggau (P35326)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue

1

Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

**BRIEF IN SUPPORT**

**LOCAL RULE 7.1 OF ISSUE**

Whether, Plaintiffs are entitled to ERISA attorney's fees and costs when at the Court's direction they vindicated their ERISA rights in the arbitral forum and, if so, whether they have demonstrated their entitlement to an award based on the five factor test applied in this circuit.

**LOCAL RULE 7.1 STATEMENT OF APPROPRIATE AUTHORITIES**

1. **29 U.S.C. §1132(g)(1)** provides "In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

2. ERISA attorney's fees are awardable when ERISA rights are vindicated in the arbitral forum:

   ***Fornel v. Morgan Keenan & Company***, **2013 WL 656321 (M.D. Fl. 11 January 2013; Case 12-38) (Magistrate's report and recommendation),** *adopted and confirmed* **2013 WL 656457 (22 February 2013).**

3. The factors to be considered are: 1) the degree of the opposing party's culpability; 2) the opposing party's ability to pay; 3) the deterrent effect of an award; 4) whether the party requesting fees sought a common benefit on all participants of an ERISA plan; and 5) the relative merits of the parties' positions.

   ***Sec. of Dept. of Labor v. King***, **775 F.2d 666 (6th Cir. 1985).**

4. In a case involving similar facts to ours except that the matter was litigated (and decided by cross motions for summary judgment) rather than arbitrated TRW offered no argument concerning the *King* factors. This Court in the person of Judge Drain ordered TRW to pay ERISA fees and costs in the amount of $524,765.16.

   ***USW v. Kelsey-Hayes,*** **2013 WL 2634815 (E.D. Mi.; 12 June 2013 Case 11-15497).**

**FACTS**

The underlying facts are set forth in the arbitrator's 26-page decision. Plaintiffs will not repeat them here. Suffice at this point[1] to say that they mirror those found by Judge Drain of this Court in the companion case of *USW v. Kelsey-Hayes,* 2013 WL 2634815 (E.D. Mi.; 24 April 2013; Case 11-15497) in granting the plaintiffs in that case a summary judgment. The case before Judge Drain involved TRW making exactly the same reductions based on very similar contract language.

Per, Rule 54(d)(2)(iii), Plaintiffs estimate their attorney hours to date at approximately 425 which at the rate approved by Judge Drain of $475 per hour would amount to an award of $201,875, substantially less than half the amount approved by Judge Drain. *USW v. Kelsey-Hayes,* 2013 WL 2634815 (E.D. Mi.; 12 June 2013 Case 11-15497). Plaintiffs costs to date are approximately $2,500.

**ARGUMENT**

ERISA attorney's fees are awardable when the ERISA rights are vindicated in the arbitral forum. *Fornel v. Morgan Keenan & Company*, 2013 WL 656321 (M.D. Fl. 11 January 2013; Case 12-38) (Magistrate's report and recommendation), *adopted and confirmed* 2013 WL 656457 (22 February 2013). 29 U.S.C. §1132(g)(1) provides "In any action under this subchapter . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." This Court has that discretion here and should exercise it in favor of Plaintiffs. Plaintiffs meet all the *King* factors: 1) the degree of the opposing party's culpability; 2) the opposing party's ability to pay; 3) the deterrent effect of an award; 4) whether the party requesting fees

---

[1] Given the Rule 54 requirement that an attorney fee motion be filed within 14 days after the entry of judgment, Plaintiffs are filing this motion on the fourteenth day after the Sixth Circuit remand and will, with the Court's indulgence, shortly supplement their filing to more fully advise the Court of the law and the facts.

3

sought a common benefit on all participants of an ERISA plan; and 5) the relative merits of the parties' positions. *Sec. of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). In the *USW* case TRW admitted as much: "Here, Defendants offer no argument concerning any of the *King* factors and apparently concede Plaintiffs' right to fees under § 1132(g), therefore for the reasons stated in Plaintiffs' Motion, the Court finds that Plaintiffs have demonstrated that the "cumulative weight" of all five *King* factors warrant the award of attorney fees and costs." *USW v. Kelsey-Hayes,* 2013 WL 2634815 at page 2 (E.D. Mi.; 12 June 2013 Case 11-15497).

## CONCLUSION

This Court can and should award Plaintiffs ERISA attorney fees.

s/William Wertheimer
Law Office of William Wertheimer (P26275)
30515 Timberbrook Lane
Bingham Farms, MI 48025
248-644-9200
billwertheimer@gmail.com

Attorney for Class Representatives and UAW

Michael Saggau (P35326)
Associate General Counsel
International Union, UAW
8000 E. Jefferson Avenue
Detroit, MI  48214
(313) 926-5216
msaggau@uaw.net

Attorney for UAW

4

## CERTIFICATE OF SERVICE

  I hereby certify that on 4 October 2013, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of interest participating in the CM/ECF system.


              <u>s/William Wertheimer</u>
              William Wertheimer