**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL, IMPLEMENT WORKERS
OF AMERICA (UAW), MARTIN LAMAR,
JOHN YASSO, KIM TASKILA,
and RONALD GARDNER,

        Plaintiffs,

v.                                Case No. 11-CV-14630
                                Honorable Denise Page Hood

TRW AUTOMOTIVE U.S., LLC,
        Defendant.
_____/

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEY FEES [#33]; (2) GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT [#39]; (3) DENYING DEFENDANT'S MOTION TO STRIKE RENEWED MOTION FOR SUMMARY JUDGMENT [#44]; and (4) GRANTING PLAINTIFFS' MOTION TO MAKE WHOLE [#56]**

**I.    INTRODUCTION**

    This matter involves retiree benefits that arise under a collective bargaining agreement. Now before the Court are four motions:

    A. Plaintiffs' Motion for Attorney Fees;

    B. Plaintiffs' Renewed Motion for Summary Judgment;

C. Defendant's Motion to Strike Renewed Motion for Summary Judgment ("Motion to Strike"); and

D. Plaintiffs' Motion to Enforce Arbitration Award with "Make Whole" Amounts to Individual Retirees ("Motion to Make Whole").

For the reasons stated below, the Court: (1) denies without prejudice Plaintiffs' Motion for Attorney Fees; (2) grants Plaintiffs' Renewed Motion for Summary Judgment; (3) denies Defendant's Motion to Strike; and (4) grants Plaintiffs' Motion to Make Whole.

## II. STATEMENT OF FACTS

On October 21, 2011, Plaintiffs International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), Martin Lamer, John Yasso, Kim Taskila, and Ronald Gardner filed the present action on behalf of the individual plaintiffs and those similarly-situated against Defendant TRW Automotive U.S. LLC ("TRW") "to enforce rights to lifetime retirement healthcare benefits and coverage, including prescription drug, dental, vision, and hearing benefits, under collective bargaining agreements ("CBAs") and employee welfare plans." **[Dkt. No. 1, Compl. at PgID 1]** Martin Lamer began working for the Sterling Heights TRW facility in 1976 and retired in 2006. John Yasso began working for the Sterling Heights TRW facility in 1972 and retired in 2002. Kim Taskila began working at the Sterling Heights TRW facility in 1972 and retired in

2002.  Ronald Gardner began working for the Sterling Heights TRW facility in 1960 and retired in 1997.  The proposed class consists of "all persons who retired from TRW at its Sterling Heights plant, including the retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the CBAs, excluding any retirees, dependents, and surviving spouses who have legally released their rights to such claims."  **[Dkt. No. 1, Compl. at ¶ 20]**

In 2002, UAW and TRW negotiated the last of a series of CBAs.  Pursuant to the 2002 CBA, retirees were covered by healthcare insurance through Blue Cross Blue Shield and retirees paid a portion of the costs (in the form of premiums, deductibles and/or co-pays) associated with that healthcare coverage.  On August 17, 2005, TRW announced that it planned to close the Sterling Heights facility.  The parties agreed to extend the final CBA, dated August 6, 2002, until an agreement regarding the closing of the Sterling Heights facility, but an agreement was not reached.  In 2007, TRW began providing Sterling Heights retirees with group health insurance through Humana that imposed no deductibles or co-pays.  On September 14, 2011, TRW notified Plaintiffs by letter that, effective January 1, 2012, it would discontinue providing Medicare-eligible retirees and surviving spouses the existing healthcare insurance and instead provide Health

Reimbursement Accounts ("HRAs") for retirees that would be funded at TRW's discretion.

The relevant CBA provides the following grievance procedure:

> **4.1 Exclusive Remedy.** The Union and the employees agree that the grievance and arbitration procedures provided herein are adequate to provide a fair and final determination of all grievances which may arise out of the employment relationship during the term of this Agreement and that such procedures shall be the exclusive remedy for the enforcement by them of any claim against the Company. Nothing contained herein, however, shall preclude an employee covered by this Agreement from filing a charge of illegal discrimination with the Equal Employment Opportunity Commission.
>
>> **4.1.1 Grievance Denied.** A grievance is any complaint, dispute or controversy in which an employee or the Union claims that the Company has failed to carry out a provision of the Agreement and which involves a question concerning the interpretation or application of or compliance with this Agreement, including any question relating to rates of pay, hours of work and other conditions of employment of any employee.
>>
>> **4.1.2 Interpretations-Final and Binding**. Any interpretation of this Agreement agreed upon by the Company and the shop committee shall be final and binding upon any person involved or affected.
>>
>> **4.1.3 Union Sole and Exclusive Representative.** With respect to the processing, disposition, and/or settlement of any grievance initiated under the

grievance procedure of this Agreement, and with respect to any court or administrative action or procedure alleging a claim arising out of the employment relationship, the Union shall be the sole and exclusive representative of the employee or employees covered by this Agreement. The disposition or settlement by and between the Company and the Union of any grievance or other matter shall constitute a full and complete settlement thereof and of related matters and shall be final and binding upon the Union and its members, the employee or employees, the Company and all persons involved or affected.

**4.1.4 Appeal-Internal Union Remedy.** There shall be no appeal of an employee from any settlement of any grievance or other matter nor from the decision or award of an impartial arbitrator. The Union will discourage any attempt of its members, and will not encourage or cooperate with any of its members, in any appeal to any court or administrative agency. Nothing in this Paragraph 4.1 shall be construed to prevent an employee from pursuing his internal Union remedies in accordance with the International Constitution of the Union.

**4.1.5 Claims-Union Representative**. No employee or other person shall have any right under this Agreement in any claim, proceeding, action or otherwise on the basis, or by reason, of any claim that the Union or any Union prosecution or settlement of any grievance or other matter as to which the Union or any Union representative has authority or discretion to act or not to act under the terms of this Agreement.

On January 25, 2012, Defendant TRW filed a Motion to Compel Arbitration. **[Dkt. No. 8]** On January 30, 2012, Plaintiffs' filed their Motion for Summary Judgment and Permanent Injunctive Relief. **[Dkt. No. 9]** On September 30, 2012, the Court entered an Order: (a) granting Defendant's Motion to Compel Arbitration; (b) denying without prejudice Plaintiffs' Motion for Summary Judgment and Permanent Injunctive Relief; and (c) dismissing the case without prejudice. **[Dkt. No. 26]** In that Order, the Court stated that "[a]ny party may file a motion to reopen the case after the arbitration has concluded." Judgment was entered in favor of the Defendant against Plaintiffs. **[Dkt. No. 27]**

On October 2, 2012, Plaintiffs filed a Notice of Appeal. **[Dkt. No. 28]** About the same time, the parties submitted their dispute to arbitration. On April 18, 2013, Arbitrator Michael Long of the American Arbitration Association Voluntary Labor Arbitration released the arbitration decision for this case. In a 24-page decision, Arbitrator Long identified each of the issues that Plaintiffs presented. Specifically, he stated that Plaintiffs asked him to:

> 1. Declare that by terminating retirement health insurance, and by substituting individual health retirement accounts for the health insurance subject to TRW's self-declared "right to amend or terminate" those accounts, TRW breached the governing CBAs and the

ERISA-regulated health insurance plan, violated ERISA, and breached its fiduciary duties, and

2. Declare that TRW is liable, for those breaches and violations, and

3. Direct TRW to cease its CBA breaches and ERISA violations and to rectify those breaches and violations (A) by restoring the status quo ante, and (B) by making retirees, dependents, surviving spouses, and UAW whole for all expenses, costs, fees, and losses incurred as a result of the TRW's breaches and violations, and

4. Direct TRW to take suitable action to ensure full and prompt "make whole" relief, including gathering the information necessary to quantify "make whole" amounts from its records and from the records of the retirement benefits administrators employed and directed by TRW, and to fully and promptly reimburse those "make whole" amounts, with interest, and

5. Direct TRW to maintain promised and vested health insurance for the lifetimes of the retirees and their dependents and surviving spouses, without unilateral change, and

6. Direct TRW to pay the costs and expenses and attorney fees of UAW, class counsel, and the retirees and their dependents and surviving spouses encompassed by this arbitration, incurred in connection with the litigation and the arbitration proceedings, under 29 U.S.C. §1132(g)(1) and otherwise, and to pay such other costs, expenses, fees, compensatory, and exemplary amounts as may be warranted, and

7. Award and direct such other relief necessary to make

retirees, their dependents and surviving spouses, and UAW whole and as may be warranted by the governing CBAs, law, and equity.

In the April 18, 2013 decision, Arbitrator Long indicated that "the issue in this case is whether the adoption of the HRA structure as implemented by TRW constitutes a breach of contract."[1] Arbitrator Long denied TRW's motion for summary judgment, granted Plaintiffs' motion for summary judgment, and held:

> In formulating a remedy it is recognized that the hospital-medical-surgical plan existing prior to January 1, 2012 was offered to the retirees and, as far as can be determined by the record, accepted by the retirees. Therefore, it is that plan which must be considered as agreed upon as the existing iteration of the coverage required pursuant to the retirees' vested right under Paragraph 32.1 et seq. TRW shall restore coverages granted to retirees, their spouses and eligible dependents according to the hospital-medical-surgical plan in effect immediately before the January 1, 2012 change.
>
> TRW shall make retirees, eligible dependents, surviving spouses whole for all expenses, costs, fees, and losses incurred as a result of the TRW's breaches and violations, and shall take immediate action to ensure full and prompt "make whole" relief, including gathering the information necessary to quantify—"make whole"—amounts from its records and from the records of the retirement benefits administrators employed and directed by TRW, and to fully and promptly reimburse

---

[1] In its brief in support of its motion for summary judgment in Case No. 13-12160, TRW states that "[t]he parties stipulated that the issue to be decided was whether TRW had breached the CBA." **[Case No. 13-12160, Dkt. No. 12 at PgID 189]**

> those "make whole" amounts, with interest, and TRW shall maintain promised and vested health insurance for the lifetimes of the retirees and their dependents and surviving spouses[.]
>
> Pursuant to Paragraph 4.4 of the CBA, *each party shall bear the expense of its own representatives*; and all other expenses of the arbitration, if any, shall be shared equally by the parties. The expenses of the impartial arbitrator, if any, shall be shared and paid equally by the parties.

**[Dkt. No. 1, PgID 153-54]**

On September 13, 2013, Plaintiffs filed a motion to voluntarily dismiss their appeal to the Sixth Circuit "because arbitration [had] concluded and plaintiffs . . . received a favorable decision from arbitrator Michael Long. *International Union, UAW and TRW Automotive*, American Arbitration Association case no. 54-300-00195-12." On September 20, 2013, the Sixth Circuit granted Plaintiffs' motion to voluntarily dismiss their appeal and remanded the case to this Court for further proceedings. **[Dkt. No. 32]**

## III. ANALYSIS

Before analyzing any of the motions at issue in this Order, the Court addresses the scope of the arbitration decision. In the "Background" section of that decision, Arbitrator Long identified the remedies sought by Plaintiffs, including the desire that he find that TRW breached the ERISA-regulated health

insurance plan and ERISA. In the "Issue" and "Discussion" sections of the decision, however, Arbitrator Long never mentioned "ERISA." And, when setting forth his duties, Arbitrator Long expressly said, "Simply stated, the issue in this case is whether the adoption of the HRA structure as implemented by TRW constitutes a breach of contract." For those reasons, and contrary to Defendant's assertions, the Court concludes that Arbitrator Long: (1) did not address Plaintiffs' claims regarding the ERISA violations; and (2) addressed only whether TRW breached the CBA.

The Court notes that when it granted Defendant summary judgment and ordered the parties to arbitration, it entered judgment and closed the case. The Court also stated, "Any party may file a motion to reopen the case after the arbitration has concluded." For that reason, when the Sixth Circuit remanded the case to this Court for further proceedings, there were no matters for this Court to address. Although no party has formally filed a motion to reopen this case, the Court finds that Plaintiffs' Renewed Motion for Summary Judgment can and will be treated as a motion to reopen.

### A. Motion for Attorney Fees

Two weeks after the Sixth Circuit dismissed Plaintiffs' appeal, Plaintiffs'

filed a Motion for Attorney Fees. Plaintiffs stated that they were moving "for ERISA attorney's fees and costs, pursuant to Fed. R. Civ. P. 54(d) and 29 U.S.C. § § 1132(g). As noted above, Arbitrator Long only ruled on whether TRW breached the CBA when it implemented the HRAs. He did not address Plaintiffs' rights or claims under ERISA. As Plaintiffs' rights and/or claims under ERISA had not been determined at the time Plaintiffs filed their Motion for Attorney Fees, (1) the Motion for Attorney Fees was not ripe for consideration when filed; and (2) Arbitrator Long's ruling that each party shall bear the expense of its own representatives (and that the parties shall share all other expenses of arbitration) necessarily reached only the matter addressed in arbitration, *i.e.*, the breach of contract claim and does not preclude a future request for attorney fees on the ERISA claim. For all those reasons, the Court denies as premature – and without prejudice – Plaintiffs' Motion for Attorney Fees.

**B. Renewed Motion for Summary Judgment/Motion to Strike**

In their Renewed Motion for Summary Judgment, Plaintiffs contend that the Court should grant summary judgment in their favor because: (1) the "retirees complied with this Court's decision, obtaining an arbitration decision that their benefits were vested under the CBA;" and (2) the "retirees are statutorily entitled

to a judgment that their benefits are vested under ERISA, not just the CBA." In response to Plaintiffs' Renewed Motion for Summary Judgment, Defendant filed the Motion to Strike.

*1. Motion to Strike*

Defendants first assert that they have fully complied with the arbitration ruling and that "the only apparent basis for plaintiffs' attempt to renew their summary judgment motion is the fact that the Arbitrator denied their request for attorneys' fees under ERISA." Defendant claims that the Sixth Circuit has recognized that "challenges to an arbitration award are subject to the three-month limitations period provided in the Federal Arbitration Act (9 U.S.C. § 12)." *Occidental Chem. Corp. v. International Chem. Workers Union*, 853 F.2d 1310, 1316 (6th Cir. 1988). Defendant contends that, since the three-month period expired months before Plaintiffs filed the Renewed Motion for Summary Judgment, Plaintiffs are "foreclosed from challenging an arbitration award on any basis, regardless of the manner in which the challenge is asserted." Defendant contends that Plaintiffs' Renewed Motion for Summary Judgment is time-barred and "fails for lack of subject matter jurisdiction."

The Court finds that Defendant's argument is misplaced because Plaintiffs

are not challenging the arbitration award. The arbitration award addressed only whether there was a breach of the CBA, not whether there was a violation of ERISA. As the arbitrator did not make a determination regarding ERISA violations, Plaintiffs cannot be challenging the arbitrator's decision regarding ERISA, whether it relates to the arbitrator's substantive ruling or his ruling regarding attorney fees.

Defendant's second argument is that Plaintiffs' Renewed Motion for Summary Judgment fails for lack of standing to assert ERISA claims, to the extent that it includes the UAW, because labor unions are not plan participants, beneficiaries or fiduciaries. *See N.J. State AFL-CIO v. New Jersey*, 747 F.2d 891, 893 (3d Cir. 1984) (holding that labor unions are neither participants nor beneficiaries of ERISA plans); *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 627 (6th Cir. 2001); *see also Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 627 (6th Cir. 2001); *Local 6-6082 Int'l Union of Paper, Allied-Industrial, Chem. & Energy Workers AFL-CIO, Clc ex rel. Nat'l Indus. Group Pension Plan v. Nat'l Indus. Group Pension Plan*, 2001 U.S. Dist. LEXIS 18161 (W.D. Mich. Nov. 2, 2001).

The Court finds that Defendant's argument is not determinative with respect to

standing. The UAW is not the sole Plaintiff, as there are four named individual Plaintiffs (Martin Lamer, John Yasso, Kim Taskila, and Ronald Gardner). Defendant does not argue, nor can it argue, that those four Plaintiffs lack standing to pursue this action, including claims for ERISA violations. *See, e.g., Yolton v. El Paso Tenn. Pipeline*, 435 F.3d 571, 574 (6th Cir. 2006), *abrogated on other grounds, Cole v. Meritor, Inc.*, 855 F.3d 695 (6th Cir. 2017).

For the reasons stated above, the Court denies Defendant's Motion to Strike.

2. *Renewed Motion for Summary Judgment*

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply

show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenth Radio Corp.,* 475 U.S. 574, 586 (1986) ; *Celotex Corp. v. Caterett,* 477 U.S. 317, 323-24 (1986). Summary Judgement must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material face," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 322-23. A court must look at the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

As noted above, Arbitrator Long did not make a determination whether Defendant violated Plaintiffs' ERISA rights. Arbitrator Long did conclude that: (1) the "retirees have a vested right to lifetime hospital-medical-surgical insurance coverage TRW" **[Dkt. No. 34, Ex. 5]**; and (2) Defendant breached the CBA. Defendant did not challenge either of those findings. The absence of a challenge to Arbitrator Long's finding that Defendant breached the CBA is significant because health care benefits under collective bargaining agreements are "welfare benefit plans" under ERISA, such that violations of health care provisions in a collective

bargaining agreement are also violations of ERISA. *See, e.g., Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991), *abrogated on other grounds by M & G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926 (2015); *Schreiber v. Phillips Display Components Co.*, 580 F.3d 355, 363 (6th Cir. 2009) (citations omitted); *Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 914 (6th Cir. 2000); *Alday v. Raytheon Co.*, 693 F.3d 772, 782 (9th Cir. 2012) ("The terms of medical coverage agreed to in a CBA constitute such a contractual commitment. . . . When such a contractual commitment is in place, an employer's breach of its contractual duty to provide benefits violates both the LMRA § 301 and ERISA").

As stated in *Armistead*:

> [W]e come to the same conclusion as the district court did in deciding whether Vernitron violated ERISA. The medical insurance plan agreed to in the CBA is a welfare benefits plan under ERISA. The terms of the benefits plan are established in the CBA. Having concluded that Vernitron had no right to terminate plaintiffs' insurance benefits under the CBA, we must also conclude that it had no right to terminate them when we consider the terms of the CBA as a benefits plan under ERISA. We therefore affirm the judgment of the district court that Vernitron's breach of contract under LMRA § 301 was also a violation of ERISA.

*Armistead*, 944 F.2d at 1298. *See also Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 914 (6th Cir. 2000) (citing *Armistead*, 944 F.2d at 1298).

The Court holds that Plaintiffs have established, and there is an absence of a

genuine dispute of material fact, that (1) the retirees have a vested right to lifetime hospital-medical-surgical insurance coverage pursuant to the CBA; and (2) TRW violated their rights under ERISA. The Court grants Plaintiffs' Renewed Motion for Summary Judgment.

### C. Motion to Make Whole

Arbitrator Long's ruling included the following directive:

> TRW shall make retirees, eligible dependents, surviving spouses whole for all expenses, costs, fees, and losses incurred as a result of the TRW's breaches and violations, and shall take immediate action to ensure full and prompt "make whole" relief, including gathering the information necessary to quantify—"make whole"—amounts from its records and from the records of the retirement benefits administrators employed and directed by TRW, and to fully and promptly reimburse those "make whole" amounts, with interest, and TRW shall maintain promised and vested health insurance for the lifetimes of the retirees and their dependents and surviving spouses[.]

**[Dkt. No. 1, PgID 154]** Pursuant to that directive, Plaintiffs assert that Defendant has failed to make whole nine retirees who have incurred (or been billed) for expenses that would not have occurred but for Defendant breaching the CBA when it eliminated the collectively bargained for retiree healthcare insurance and replaced it with limited fund HRAs.

The Court is not persuaded by TRW's contentions that Plaintiffs' Motion to Make Whole should be denied. TRW did not challenge Arbitrator Long's directive

that the retirees be made whole as a result of TRW's breach but argues that any out-of-pocket damages must be considered (and calculated) based on the "reduced coverage required in the CBA [the Blue Cross Blue Shield plan], and not on the 100% coverage that the Arbitrator improperly required in the Award [the Humana plan]." The Court rejected that argument in the action TRW filed challenging Arbitrator Long's ruling. **[Case No. 13-12160, Dkt. No. 19]**

TRW's argument that it is not responsible for the expenses claimed by the individual retirees is not persuasive. Regardless of how those retirees' expenses are analyzed, the analysis inevitably returns to the fact that none of those retirees would ever have been put in the position of having to pay his or her expenses if TRW had not breached the CBA by replacing the healthcare insurance in place in 2011 with the HRAs. Finally, contrary to Defendant's argument, the Court finds that Plaintiffs have offered sufficient evidence and documentation to support the amounts sought by each of those nine retirees. In the brief in support of their Motion to Make Whole (and the exhibits thereto), Plaintiffs include pertinent facts related to such expenses incurred by retirees Joe Dawson, Lucy Ferguson, Rocco Garofalo, James Gennette, Walter Jurdzinski, Mark Kilpatrick, Martin Plotecki, John Szybiak, and James Totzke. **[Dkt. No. 56, PgID 1066-70]**

The Court finds that Plaintiffs have satisfied their burden of establishing that the expenses of retirees set forth in the Motion to Make Whole are warranted and grants Plaintiffs' Motion to Make Whole in its entirety.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS ORDERED that:

A. Plaintiffs' Motion for Attorney Fees [Dkt. No. 33] is DENIED WITHOUT PREJUDICE;

B. Plaintiffs' Renewed Motion for Summary Judgment [Dkt. No. 39] is GRANTED;

C. Defendant's Motion to Strike Renewed Motion for Summary Judgment [Dkt. No. 44] is DENIED; and

D. Plaintiffs' Motion to Enforce Arbitration Award with "Make Whole" Amounts to Individual Retirees [#56] is GRANTED.

IT IS FURTHER ORDERED that this case is REOPENED.

IT IS FURTHER ORDERED that, to the extent Plaintiffs desire to file a motion for attorney fees, Plaintiffs must file such a motion no later than 14 days after the date of this Order. Such motion must include all necessary argument and facts to support a specific award. As the parties have addressed this matter

previously, the parties shall brief any such motion in accord with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan.

IT IS FURTHER ORDERED that Defendant shall make whole the retirees named below in the following amounts:

1. Joe Dawson          $336.22
2. Lucy Ferguson       $339.00
3. Rocco Garofalo      $984.88
4. James Gennette      $ 72.20
5. Walter Jurdzinski   $4,345.00
6. Mark Kilpatrick     $119.94
7. Martin Plotecki     $132.60
8. John Szybiak        $543.24
9. James Totzke        $1,477.78

IT IS ORDERED.

                                              s/Denise Page Hood
                                              Denise Page Hood
                                              Chief Judge, United States District Court

Dated: January 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2018, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager