UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL, IMPLEMENT WORKERS
OF AMERICA (UAW), *et al*,

        Plaintiffs,

v.

TRW AUTOMOTIVE U.S., LLC,

        Defendant.
_____/

Case No. 11-CV-14630
Honorable Denise Page Hood

**ORDER GRANTING IN PART PLAINTIFF'S MOTIONS
FOR ATTORNEY FEES [ECF Nos. 63, 77] and
ADOPTING IN PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 82]**

**I.    Introduction**

This matter comes before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation [ECF No. 82], entered on August 20, 2019. The Magistrate Judge recommended that the Court deny Plaintiffs' Motion for Attorney Fees and Expenses [ECF No. 63] and Supplemental Motion for Attorney Fees and Expenses [ECF No. 77] (collectively, "Motions for Attorney Fees"). Plaintiffs filed objections to the Report and Recommendation, to which Defendant filed a response. For the reasons that follow, the Court adopts the Background section of the Report

1

and Recommendation, adopts in part the Analysis section of the Report and Recommendation, and grants in part Plaintiffs' Motions for Attorney Fees.

## II. Background

The Court finds that the facts and procedural background of this matter set forth in the Background section of the Report and Recommendation, *see* ECF No. 82, PgID 1642-45, accurately relate the history of this matter. The Court adopts the Background section and incorporates by reference into this Order the Background section of the Report and Recommendation.

## III. Analysis

Plaintiffs ask the Court to award them a total of $384,470.09 for attorney fees and costs. Plaintiffs' Motions for Attorney Fees rely on Section 1132(g)(1) of ERISA, which allows the Court, "in its discretion," to award "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). *See also Hardt v. Reliance Standard*, 560 U.S. 242, 254-55 (2010) (the court, "in its discretion," may award attorney fees under Section 1132(g)(1) if the claimant has shown "some degree of success on the merits").

> A claimant does not satisfy that requirement ["some degree of success on the merits"] by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'"

*Hardt*, 560 U.S. at 255 (citations omitted).

    A.    *Attorney Fees and Costs Through the Date of the Arbitration Award*

As the Magistrate Judge noted, the arbitrator denied Plaintiffs' request for attorney fees because Paragraph 4.4 of the CBA provides that "each party shall bear the expense of its own representatives." Plaintiffs: (1) did not move to vacate the arbitrator's decision denying attorney fees; (2) voluntarily dismissed their appeal of this Court's order compelling arbitration [ECF No. 32]; and (3) did not otherwise challenge the denial of an award of attorney fees and costs for Plaintiffs' expenses related to the arbitration. For those reasons, the Court agrees with and adopts the Magistrate Judge's conclusion that "Plaintiffs are bound by the arbitrator's determination that each side will bear its own fees through the date of the arbitration award." ECF No. 82, PgID 1646.

The Court is not persuaded by Plaintiffs' argument that this Court's determination that the arbitrator's decision "did not address Plaintiffs' claims regarding the ERISA violations" or "preclude a future request for attorney fees on the ERISA claim" affords Plaintiffs a right to recover attorney fees on their ERISA claim. *See* ECF No. 62, PgID 1373-74. This Court previously held that the arbitrator "addressed only whether TRW breached the CBA" and his "ruling that each party

shall bear the expense of its own representatives . . . necessarily reached only the matter addressed in arbitration, *i.e.*, the breach of contract claim . . ." *Id.* at 1374.

Plaintiffs now acknowledge that "[t]he parties decided not to raise any ERISA issues with the arbitrator." ECF No. 83, PgID 1652. Plaintiffs concede that only the breach of contract claim was presented to and decided by the arbitrator, and Plaintiffs did not challenge the arbitrator's ruling that Plaintiffs would bear their own fees through the date of the arbitration award. As the ERISA claim was not addressed prior to or at arbitration, the Court finds no merit in Plaintiffs' argument that they are entitled to any attorney fees and costs incurred prior to the arbitrator's award for their ERISA claim.

Accordingly, if Plaintiffs are entitled to recover any attorney fees and costs on their ERISA claim, the Court concludes that Plaintiffs' recovery must be limited to attorney fees and costs Plaintiffs incurred <u>after</u> the date of the arbitration award.

B.      *Attorney Fees and Costs After the Date of the Arbitration Award*

Plaintiffs argue that they should be awarded attorney fees and costs related to their ERISA claim that they have incurred since the arbitration award. The Court finds that this argument does not suffer from the same deficiencies and hurdles as Plaintiffs' quest for attorney fees and costs incurred prior to the arbitration award. Contrary to Defendant's arguments, Plaintiffs did not waive their right to fees for their

4

ERISA claim under Paragraph 4.4 of the CBA, a finding this Court made in its January 16, 2018 Order. Specifically, the Court ruled that: (1) the arbitration award did not address Plaintiffs' ERISA claim; and (2) Plaintiffs were not barred from seeking in the future attorney fees for their ERISA claim. *See* ECF No. 62, PgID 1373-74. In the Report and Recommendation, however, the Magistrate Judge recommended that the Court conclude that Plaintiffs are not entitled to any such fees. The Court declines to adopt that recommendation.

Plaintiffs object to the Magistrate Judge's finding that the fees incurred by Plaintiffs in obtaining summary judgment on the ERISA claim were a "trivial success" and a "purely procedural victory." In the context of the whole of this case, the Court finds that the Magistrate Judge's assessment was not arbitrary and capricious. The arbitrator determined that Defendant breached the CBA and that "retirees have a vested right to lifetime hospital-medical-surgical insurance coverage by TRW." ECF No. 34, PgID 592 (Ex. 5 at 22). As the Court explained in its January 16, 2018 Order, those rulings carried significant weight with respect to Plaintiffs' ERISA claim because a breach of the CBA with respect to insurance benefits also constitutes a violation of ERISA. *See* ECF No. 62, PgID1378-79 (quoting *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991), *abrogated on other grounds by M&G Polymers USA, LLC v. Tackett*, 135 S.Ct. 926 (2015) ("The medical insurance plan

5

agreed to in the CBA is a welfare benefits plan under ERISA. . . . Vernitron's breach of contract under LMRA § 301 was also a violation of ERISA.")). Defendant did not even file a substantive response to Plaintiffs' renewed motion for summary judgment on the ERISA claim; instead, Defendant only sought to strike Plaintiffs' renewed motion for summary judgment on the grounds that it was time-barred and an attempt to recover attorney fees under ERISA. All of these factors support a finding that the critical quality and quantity of the legal work on behalf of Plaintiffs was expended prior to the arbitration award.

Notwithstanding the foregoing, the Court is not persuaded that obtaining summary judgment on the ERISA claim was a "trivial success" or a "purely procedural victory," nor does the Court find that the history of this case dictates the wholesale denial of attorney fees and costs for Plaintiffs. Plaintiffs filed this cause of action seeking damages for Defendant's alleged ERISA violations and for breaching the CBA. The Court finds that those issues were overlapping and required parallel, if not concurrent, efforts by Plaintiffs' counsel. The Court further finds, without conducting a lengthy inquiry, that those issues are "substantial" and "central" to this cause of action, such that Plaintiffs achieved "some degree of success on the merits." *See Hardt*, 560 U.S. at 255.

The Court considers it significant that Defendant: (1) did not concur in Plaintiffs' renewed motion for summary judgment; but (2) did file a motion to strike the renewed motion for summary judgment. Accordingly, even though Defendant did not file a substantive response to Plaintiffs' renewed motion for summary judgment on the ERISA claim, Plaintiffs still had expend time and costs to prepare and file the renewed motion for summary judgment in order to obtain the relief they desired (and to defend against the Motion to Strike). The Court holds that Plaintiffs are entitled to attorney fees and costs related to litigating their Section 1132(g)(1) claim.

C. *Amount of Award for Attorney Fees and Costs*

Defendant asserts that even if the Court determines that "some fee award is warranted, . . . the award should not exceed the time spent moving for renewed summary judgment in this case (approximately 20 hours) at the $385 rate established by the State of Michigan Report."[1] ECF No. 65, PgID 1458. *See also* ECF No. 79, PgID 1618-19 (citing *Van Loo v. Cajun Operating Co.*, 2016 WL 6211692, at *3 (W.D. Mich. Oct. 25, 2016) (reasonable hourly rate for an experienced ERISA attorney is $385 per hour)). The Court does not agree.

---

[1] *See* 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, State Bar of Michigan (July 2014) (the "2014 Economics of Law Report"). The Court also notes that the actual rate awarded by the court in *Van Loo* was $400 per hour. *See Van Loo*, 2016 WL 6211692, at *6.

As Plaintiffs argue, their efforts since the entry of the arbitration award have resulted in the Court granting the renewed motion for summary judgment and finding that Defendant violated ERISA. Plaintiffs' efforts have clarified and established that the arbitrator's ruling that "retirees have a vested right to lifetime hospital-medical-surgical insurance coverage by TRW" remains in force. But, those efforts were not limited to the filing of the renewed summary judgment motion. Those efforts included filings in, and before, the Sixth Circuit Court of Appeals; advocating on behalf of individual Plaintiffs; contacting other legal professionals; researching other relevant cases; and briefing matters in this Court.

The Court concludes that, consistent with ERISA's objective "to protect . . . participants in employee benefit plans . . . by providing for appropriate remedies, sanctions, and ready access to the Courts," those efforts of Plaintiffs' counsel were expended in furtherance of Plaintiffs' ERISA claim. 29 U.S.C. §1001(b). *See also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (a plaintiff may recover attorney fees even when he or she "failed to prevail on every contention raised," because "[t]he result is what matters.")*; UAW v. Loral*, 107 F.3d 11, 1997 WL 49077, at *4 (6th Cir. 1997) ("our law of attorney's fees should recognize the imbalance of power peculiar to the relationship between an employer and retired workers, and shift costs accordingly").

The Court has reviewed the invoices submitted by Plaintiffs that contain entries on or after April 18, 2013. These entries, from April 18, 2013 through April 15, 2019, reflect that Plaintiffs' counsel billed 331 hours. Although not every entry contains detail that shows it is related to the issue of whether Defendant violated ERISA, the Court finds that all of the billed hours bear on Plaintiffs' efforts to pursue relief caused by those ERISA violations. This is true even if the efforts centered on the breach of the CBA claim because a breach of the CBA also constituted a breach of Plaintiffs' ERISA rights. *See Armistead*, 944 F.2d at 1298. Accordingly, the Court concludes that Plaintiffs are entitled to an award of attorney fees for 331 billed hours.

Plaintiffs request that their counsel, who has 42 years of practice experience and regularly represents retirees in ERISA/LMRA matters, be paid at the hourly rate of $550. In support of that amount, Plaintiffs rely on several sources. First, they note that the LexisNexis Business of Law Blog report from April 17, 2017 indicates that the median hourly rate for lawyers such as those representing Defendant is $625. *See* http://businessoflawblog.com/2017/04/law-firm-partner-rate-gap-widens.

Second, Plaintiffs rely on national ERISA market rates, which they claim range from $575 to $895 (Wisconsin, Illinois, Missouri, Ohio, and New York federal courts), and the declaration of William Payne. Mr. Payne also regularly litigates ERISA matters across the United States, states that his hourly rate is $625 (which he

has been awarded twice), and believes that $550 for Plaintiffs' counsel is "eminently reasonable" as it is "below the prevailing national hourly fee rates for ERISA cases." ECF No. 63, PgID 1431-38. Third, Plaintiffs note the "*Laffey* Matrix," which sets hourly rates for federal litigators to use when applying fee-shifting statutes. *See Laffey v. Northwest Airlines*, 572 F.Supp. 354 (D.D.C. 1983), *rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). The 2017-18 *Laffey* Matrix rate was $602 per hour for federal litigators with 31 or more years experience. Plaintiffs note that the hourly rate they request ($550) is below all three of the above recognized rates.

Fourth, Plaintiffs cite several cases where "common fund" fee awards were made: In those instances, the award was based on a "percentage of the fund" method used to calculate attorney fees. *See* ECF No. 63, PgID 1402-03. Plaintiffs submit that the health care benefits preserved for Plaintiffs and their families in this litigation is worth over $10 million, such that an award of even 10% would greatly exceed the aggregate attorney fees and costs Plaintiffs have requested in their Motions for Attorney Fees. Fifth, Plaintiffs cite awards by other courts in this district, arguing that awards of $475 per hour in ERISA cases have been awarded since 2008, including one such award in 2013 without objection from Defendant. *See Steelworkers v. Kelsey-Hayes*, No. 11-15497, ECF No. 83, PgID 6049-50 ("the requested rate of

$475.00 for attorney work . . . is reasonable and consistent with the prevailing market rate in the relevant community" (citation omitted)).

As set forth above, Defendant argues that an hourly rate of $385 is appropriate. The rate proposed by Defendant is based on the 2014 Economics of Law Report, which is five years old. In fact, as the *Van Loo* court also observed, "a court in this District awarded $400 per hour to a comparable attorney practicing ERISA law" in 2009, which was <u>10 years ago</u>. *Van Loo*, 2016 WL 6211692, at *3 (citing *Worthing v. Reliance Std. Life Ins. Co.*, No. 08-11895, 2009 U.S. Dist. LEXIS 52296, at *5, 2009 WL 1798387 (E.D. Mich. June 22, 2009)).

The Court finds that an hourly rate of $550 per hour is a reasonable rate for Plaintiffs' counsel, William Wertheimer. Mr. Wertheimer has practiced for 42 years and is a nationally recognized retiree benefits (ERISA) attorney with a national federal practice. The numerous rates submitted by Plaintiffs take into account his status as a national ERISA practitioner and his experience. Most of Plaintiffs' sources reflect current rates in excess of the $550 per hour proposed by Plaintiffs. The rate proposed by Defendant, however, is outdated ($400 per hour in 2009 and based on 2013/2014 economic reports), and is inconsistent with the $475 rate awarded in 2008 and 2013 in comparable cases – a rate that Defendants did not even object to five years ago. Defendant's proposed rate does not take into account the recognized rates for ERISA

attorneys or national federal practitioners like Plaintiffs' counsel. The Court rejects the $385 per hour rate proposed by Defendant.

Based on an hourly rate of $550 for the 331 hours Mr. Wertheimer billed for work related to the ERISA claims, the Court concludes that Plaintiffs are entitled to attorney fees of $182,050.00. For the same reasons the Court awarded attorney fees with respect to hours billed on or after April 18, 2013, the Court concludes that Plaintiffs are entitled to recover costs incurred on or after April 18, 2013. Pursuant to Section 1132(g)(1), the Court awards Plaintiffs costs totaling $1,250.91.

## IV. Conclusion

Accordingly, and for the reasons stated above,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 82] is GRANTED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Motions for Attorney Fees and Costs [ECF Nos. 63, 77] are GRANTED IN PART.

IT IS FURTHER ORDERED that Defendant shall pay Plaintiffs the aggregate amount of $183,300.91 ($182,050.00 for attorney fees and $1,250.91 for costs).

IT IS ORDERED.

s/Denise Page Hood
Denise Page Hood
Dated: September 30, 2019        Chief Judge, United States District Court